**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10588

Janet Glaser,

Plaintiff-Appellant,

William C. Isbell,

Appellant,

VERSUS

Just Brakes Corporation, et al.,

Defendants-Appellees,

Jenkens & Gilchrist, et al.,

Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(3:92-CV-2470-P)

March 27, 1997

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[1]

Appellants challenge three orders of the district court: (1) an order of October 24, 1994, denying the plaintiff's motion to enforce a settlement agreement and sanction the defendants and their lawyers under Rule 11, and awarding opposing counsel, Robert Sheeder, Brian Easley, and Jenkens & Gilchrist, P.C. ("attorneys"), the costs incurred in responding to the motion; (2) an order of January 23, 1995, denying the plaintiff's motion to reconsider the prior order; and, (3) an order of April 16, 1996, which specified the amount owed in attorney's fees. Appellants filed their notice of appeal on May 16, 1996.

Although an order awarding attorney's fees is not final (and therefore not appealable) until an amount is specified, this tolling does not affect the finality of the remainder of a court's order. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). With regard to the 1994 and 1995 orders, appellants did not file their notice of appeal until well after the 30-day period mandated by Federal Rule of Appellate Procedure 4(a), and therefore this court is without jurisdiction to review the district court's decisions relating to the enforcement of the parties' settlement agreement. *Funderburk v. Wainwright*, 484 F.2d 681, 681 (5th Cir. 1973).

---

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

However, the portion of the 1994 order granting the attorneys their fees did not become final until April 16, 1996, and thus the notice of appeal was timely as to that issue. *See Hay v. City of Irving*, 893 F.2d 796, 800 (5th Cir. 1990). We review all aspects of a Rule 11 determination for an abuse of discretion. *Krim v. BancTexas Group, Inc.*, 99 F.3d 775, 777 (5th Cir. 1996)(citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

After denying a Rule 11 motion, a district court "may" award the other party "the reasonable expenses and attorney's fees incurred in . . . opposing the motion." Fed. R. Civ. P. 11(c)(1)(A). Having reviewed the briefs and the relevant portions of the record, we cannot say that the order directing the plaintiff's counsel to pay $2,000 in attorney's fees was an abuse of the court's discretion.

For the foregoing reasons, the district court's order awarding attorney's fees incurred in responding to the plaintiff's motion is AFFIRMED.